UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Berdalia HOLT,<br><br>                            Plaintiff,<br><br>v.<br><br>Erika SIMMONS, et al.,<br><br>                          Defendants. | Case No.: 23-cv-1618-AGS-WVG<br><br>**ORDER DENYING MOTIONS TO PROCEED IN FORMA PAUPERIS (ECF 2) AND FOR APPOINTMENT OF COUNSEL (ECF 3)** |

    Plaintiff Berdalia Holt requests to proceed without paying the filing fee and for recruitment of counsel. (*See* ECF 2 & 3.) Those requests are denied.

    Typically, parties instituting a civil action in a United States district court must pay filing fees of $402.[1] *See* 28 U.S.C. § 1914(a). But if granted the right to proceed in forma pauperis, a plaintiff can proceed without paying the fee. *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). An affidavit in support of an IFP application is sufficient if it alleges that "the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). Although plaintiffs "need not be

---

[1] In addition to the $350 statutory fee, civil litigants must pay a $52 administrative fee. *See* 28 U.S.C. § 1914(a); District Court Misc. Fee Schedule, § 14 (effective Dec. 1, 2020).

absolutely destitute to obtain benefits of the in forma pauperis statute," they must still "allege poverty with some particularity, definiteness and certainty." *Id*.

According to Holt's affidavits, she has limited assets: about $380 in cash and savings, plus three cars valued at a combined $9,500. (ECF 2, at 2–3; ECF 3, at 10.) She explains that recent expenses—including funeral expenses, car repair, and surgical costs—drained her coffers and have left her approximately $8,600 in debt. (ECF 2, at 4–6.) By contrast, though, her total monthly income is "$4,172.89" and net monthly income is "$2,708.58" with an expected "15% total wage increase" and a retroactive "10%" increase of last year's wages. (*Id*. at 1–6; ECF 3, at 9.) This is balanced against "$2,515" in monthly expenses, including debt payments. (ECF 2, at 1–6.) After her raise, her total monthly income will be about $4,800 and, presuming withholdings at approximately the same rate, her net monthly income should be around $3,120 (and her monthly *disposable* income will be roughly $600).

That means her disposable income for just one month easily covers the filing fees. And those fees amount to only 8% of her total monthly income. *Compare Escobedo*, 787 F.3d at 1234 (reversing an IFP denial when the $350 filing fee "represented roughly forty percent" of plaintiff's "monthly income *before* expenses" and, after expenses, plaintiff "would have had to dedicate the entirety of two-months' worth of her remaining funds, meaning that she would have to forego eating during those sixty days, to save up to pay the filing fee").[2] As a result, Holt does not qualify to proceed in forma pauperis. *See Berner v. Comm'r of Soc. Sec. Admin.*, No. CV-23-00677-PHX-JAT, 2023 WL 3246978, at *1 (D. Ariz. May 4, 2023) (denying IFP at 8% of total income); *see also Escobedo*, 787 F.3d at 1234 (noting that denying IFP at 13% of total family income is the "outer boundary of stringency").

---

[2] Unlike *Escobedo*, Holt already included food in her monthly expenses, so there is no concern that paying the fees will force her to starve. (*See* ECF 2, at 4 (budgeting $400 a month for food).)

Thus, Holt's IFP motion is denied as is her related motion to recruit counsel. *See* 28 U.S.C. § 1915(e)(1) (authorizing recruitment of counsel for IFP individuals). But the Court is sensitive to her current financial situation. So, the Court will provide plaintiff 120 days to pay the filing fees. The Clerk is directed to close this case for failure to pay the filing fee, but the Clerk will automatically reopen the case and issue summons if the filing fee is paid by **January 5, 2024**.

Dated:  September 7, 2023

Hon. Andrew G. Schopler
United States District Judge