UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Berdalia HOLT,<br><br>        Plaintiff,<br><br>v.<br><br>Erika SIMMONS, et al.,<br><br>        Defendants. | Case No.: 23-cv-1618-AGS-WVG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART UNOPPOSED MOTION TO DISMISS (ECF 16)** |

  Defendants Doris Coronel and San Diego Unified School District request that this case be dismissed or the service on them be quashed for being insufficient. They also request that plaintiff Berdalia Holt be required to provide a more definite statement. Because the service was insufficient, it is quashed. But the request for a more definite statement is denied.

  Rule 4 requires that a summons be served on each defendant "with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013). "However, neither actual notice, nor simply naming the person in the caption of the complaint, will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4." *Id.* (cleaned up).

  In their unopposed motion, defendants Coronel and San Diego Unified argue that the "complaint" they were served with does not match the version served on the other or, more importantly, the one filed in this case. And they are correct; all three versions are noticeably different documents. (*Compare* ECF 1 (filed complaint totaling 117 pages with exhibits); with ECF 19-1, at 2–61 (60 pages of complaint and exhibits served on San Diego Unified); and ECF 19-1, at 63–117 (54 pages of complaint and exhibits served on Coronel).) And Holt has provided no authority—and this Court's research has yielded none—that service of a significantly different complaint constitutes "substantial

compliance" with Rule 4. *See S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007) (noting "the plaintiff generally has the burden to establish jurisdiction" by showing proper service).

So the service was improper. In that case, "the court has discretion to either dismiss the action for failure to effect proper service, or instead merely quash the ineffective service that has been made on the defendant in order to provide the plaintiff with the opportunity to properly serve the defendant." *Houhoulas v. Cal. Dep't of Trans. Hum. Res.*, No. 222CV0413TLNDBPS, 2023 WL 1420568, at *1 (E.D. Cal. Jan. 31, 2023), *report and recommendation adopted*, No. 2:22-CV-00413-TLN-DB, 2023 WL 2480837 (E.D. Cal. Mar. 13, 2023). Here, given Holt's pro se status and apparent good-faith efforts to serve defendants, the Court will quash the current service attempt and give her 90 days to properly serve these defendants.

That leaves only defendants' demand that Holt also provide a more definite statement. A more definite statement is proper if the complaint "is so vague or ambiguous that the [responding] party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "A motion for more definite statement is generally disfavored and is reserved for the situation where a pleading is unintelligible, rather than lacking in detail." *Aviles v. City of Long Beach*, No. 22109684MEMFADS, 2022 WL 2965396, at *5 (C.D. Cal. Mar. 9, 2022). Here, defendants argue that Holt's complaint requires a more definite statement because: (1) she does not "make it clear how" defendants "would not be entitled to 11th Amendment immunity," and (2) Holt "also does not make it clear how any cause of action . . . would not be barred by the applicable statute of limitations" because Coronel "has not worked for San Diego Unified School District for over 10 years." (ECF 16-1, at 7.) But both immunity and timeliness are affirmative defenses, so Holt has no duty to address them in her complaint. *See Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013) ("plaintiffs ordinarily need not plead on the subject of an anticipated affirmative defense" (citation omitted)); *id.* (noting that "statute of limitations" is an "affirmative defense"); *Walden v. Nevada*, 945 F.3d 1088, 1095 (9th Cir. 2019) ("Eleventh Amendment immunity

is an affirmative defense"). So the Court will not order Holt to provide a more definite statement on issues she is not required to address at all.

Thus, the request to dismiss or quash service is **GRANTED**, and the service is quashed. Holt must provide service that substantially complies with Rule 4 by **February 29, 2024**. Defendants' request for a more definite statement is **DENIED**.

Dated:  November 29, 2023

_____
Hon. Andrew G. Schopler
United States District Judge