UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Berdalia HOLT,<br><br>                         Plaintiff,<br><br>v.<br><br>Erika T. SIMMONS, et al.,<br><br>                         Defendants. | Case No.:  23-cv-1618-AGS-JLB<br><br>**ORDER DENYING MOTION FOR COUNSEL (ECF 26) AND DISMISSING CASE** |

After plaintiff's year-and-a-half delay in starting this case, the Court ordered her to "effectuate proper service on the two defendants the Court quashed service against, or otherwise prosecute the case against the other defendants" within 90 days. (ECF 23.) The Court warned plaintiff to "meaningfully move the case forward by that date" or risk "dismissal for failure to prosecute." (*Id.*) Rather than effecting service or otherwise prosecuting the suit, plaintiff requested yet more time, which the Court granted with the warning: "Given the number and length of extensions and delays in this case, no further extensions will be granted absent extraordinary circumstances." (ECF 25.) This meant she had another 90 days or so either to serve the two defendants against whom service was quashed or move forward in any way against the other defendants she claims to have served. Again, she did neither. Instead, on the last day, she moved this Court to appoint counsel.

That request is denied. Initially, plaintiff may not qualify for recruited counsel. "Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). But in "exceptional circumstances" the court may "appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Id.* It is unclear whether the Court may do so for those like plaintiff, who were denied indigency status. (*See* ECF 5); *see also Yamano v. Hawaii Judiciary*, 765 F. App'x 198, 199 (9th Cir. 2019) ("The district court did not abuse its discretion by denying Yamano's motion to appoint counsel because Yamano was not proceeding in forma pauperis."). Regardless, even if she

did qualify, to appoint counsel the court "must consider the likelihood of success on the merits as well as the ability of the petitioner to articulate [her] claims pro se in light of the complexity of the legal issues involved." *Palmer*, 560 F.3d at 970 (cleaned up). In her motion, plaintiff argues she has a "lack of knowledge of court procedures," but doesn't explain how this shortcoming is in any way extraordinary. "Difficulties which any litigant would have in proceeding" without an attorney "do not indicate exceptional factors." *Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1990). And given potential statute-of-limitations and Eleventh Amendment immunity defenses, plaintiff has not made a strong showing of likelihood of success. (*See* ECF 16-1, at 8 (defendants already raising these issues).)

In any event, it is time to break this endless cycle of extensions. "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). The first factor—the public interest in expeditious resolution— "always favors dismissal." *Id*. The second factor regarding the court's need to manage its docket likewise weighs in favor of dismissal, given plaintiff's enormous delay and failure to follow the Court's orders. "It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Id.* at 642. The risk of prejudice to defendants (the third factor) also supports dismissal because the "law presumes injury from unreasonable delay," and plaintiff has offered no explanation of her tardiness that would render it reasonable. *See In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994). The fourth factor concerning the availability of less drastic alternatives points toward dismissal, too. Throughout this case, including plaintiff's most recent filing, she has expressed a lack of resources to pay any monetary sanction, so that remedy would be unavailing. (*See* ECF 26, at 1.) More importantly, this Court has already tried less drastic alternatives. The extensions

granted thus far to permit compliance "constituted an attempt at a less drastic sanction," and "a district court's warning to a party that [her] failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), as amended (May 22, 1992). In this case, plaintiff had several extensions and a warning. Finally, the last factor—the public policy for disposition on the merits—is the only consideration that weighs against dismissal. Thus, because "at least four factors support dismissal," the Court concludes that dismissal is the proper remedy here. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).

Plaintiff's motion for appointment of counsel is denied. The case is dismissed without prejudice for failing to prosecute and for disobeying the Court's order. The Clerk is directed to close this case.

Dated: November 14, 2024

Andrew G. Schopler
United States District Judge